ANDREW R. RUNNING (admitted *pro hac vice*)
SAMUEL L. BLATNICK (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  arunning@kirkland.com
        sblatnick@kirkland.com

BARRY L. GOLDNER, State Bar No. 107126
JEFFREY W. NOE, State Bar No. 167387
AMY L. HANF, State Bar No. 242756
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email:  bgoldner@kleinlaw.com
        jnoe@kleinlaw.com
        ahanf@kleinlaw.com

Attorneys for Plaintiff,
Wm. Bolthouse Farms, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., HOUSTON CASUALTY CO., and LIBERTY SURPLUS INSURANCE CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC.,<br><br>Defendant. | Case No.   1:10-CV-02322-AWI-SKO<br><br>**STIPULATED ORDER TO CONTINUE TRIAL AND PRETRIAL DATES**<br><br>[No Hearing Requested]<br><br>Complaint Filed:   12/9/10<br>Trial Date:        12/11/12 |

For the reasons set forth below, the parties respectfully request that the trial date and other pretrial dates set forth in Judge Wanger's initial Scheduling Conference Order (and the subsequent minute order issued on October 21, 2011) be continued and extended nine months.

## I. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER.

### A. Summary of the Case.

#### 1. *The complex nature of the claims and damages.*

This case arises out of Bolthouse Farms' purchase and use of defendant Ecolab's Tsunami 100 antimicrobial process water treatment in the production of Bolthouse's ready-to-eat baby carrots. Bolthouse claims Ecolab's Tsunami 100 caused "early spoilage" of carrots, resulting in over $80 million of business losses.

Ecolab denies Bolthouse's claims, and Ecolab contends Bolthouse's own failure to adequately design, maintain, clean, and sanitize its carrot production equipment created the problems about which it now complains. Ecolab also disputes Bolthouse's claimed damages. As such, this case raises complex issues concerning liability (including the cause of the spoilage) and damages, which will require considerable expert witness testimony.

### B. The Settlement Process.

#### 1. *The exchange of initial disclosures and other information prior to the first mediation session.*

In the spring of 2011, the parties agreed to an early mediation. The parties proceeded with their initial disclosures and the informal exchange of information prior to the mediation, but agreed to hold off on formal discovery pending the mediation.

Due to the volume of information to be exchanged, as well as the difficulty in finding a mutually convenient date for over 20 attendees, the mediation was scheduled for July 27, 2011, in Los Angeles. The parties met for a full day with the mediator (Justice Steven Stone (retired)). In light of the issues of the case, the amount in controversy, and the damages information that had been provided up to that point,

Ecolab and its insurers determined that they needed additional information from Bolthouse to evaluate the claims.

### 2. *The further exchange of information prior to the second mediation session.*

Following the first mediation session, Ecolab and its insurers identified additional information they needed. Bolthouse spent considerable time gathering and producing that information.

Ecolab, its insurers, and their consultants reviewed the information provided by Bolthouse, and they requested additional data and information in order to make an informed valuation of the case. Bolthouse then spent more time gathering and producing the additional information.

In December, the parties began to schedule the second mediation session. However, due to the holidays and the number of participants—multiple representatives from the parties, their counsel, multiple insurers, and the mediator—the mediation could not be scheduled until late January 2012.

Four days before the scheduled mediation, however, the mediator suffered serious injuries after being struck by a car and was unable to proceed with the mediation. That necessitated another attempt to find a date on which each of the attendees (as well as the new mediator) was available.

On February 24, 2012, the second mediation session was held in Chicago with the Hon. Wayne Andersen (retired). That mediation did not result in a settlement.

### C. **The Parties Respectfully Request Additional Time to Conduct Discovery and Prepare for Trial**.

Expert and non-expert discovery is expected to be expensive and time consuming in this case. To conserve resources, the parties agreed to hold off on formal discovery until after they attempted, in good faith, to settle the case.

The settlement process, admittedly, took longer than the parties expected. However, until the completion of the second mediation session on February 24, they remained hopeful that the case would settle.

Having postponed formal discovery to focus on mediation efforts, the parties respectfully request additional time to conduct discovery and prepare for trial. Specifically, the parties request that the trial and pretrial dates be modified as follows:

|  | Current date per Scheduling Conference Order or October 21 Minute Order | Requested modified date |
|---|---|---|
| Non-expert discovery cut-off | 3/16/12 | 12/17/12 |
| Plaintiffs' expert disclosures | 4/16/12 | 1/17/13 |
| Defendant's expert disclosures | 5/15/12 | 2/15/13 |
| Plaintiffs' rebuttal or supplemental expert disclosures | 6/15/12 | 3/15/13 |
| Defendant's rebuttal or supplemental expert disclosures | 7/16/12 | 4/15/13 |
| Expert discovery cut-off | 8/1/12 | 5/1/13 |
| Non-dispositive motion filing deadline | 8/1/12 | 5/3/13 |
| Non-dispositive motion hearing date cut-off | 9/7/12 at 9:00 a.m., Ctrm. 8 | 5/31/13 at 9:00 a.m., Ctrm. 7 |
| Dispositive motion filing deadline | 8/31/12 | 6/7/13 |
| Dispositive motion hearing date cut-off | 10/1/12 at 1:30 p.m., Ctrm. 2 | 7/8/13 at 1:30 p.m., in Ctrm. 2 |
| Settlement conference date | 8/7/12 at 10:30 a.m., Ctrm. 8 | 5/7/13 at 10:00 a.m., Ctrm. 7 |

| | | |
|---|---|---|
| Pretrial Conference | 10/31/12 at 8:30 a.m., Ctrm. 2 | 7/31/13 at 8:30 a.m., Ctrm. 2 |
| Trial Date | 12/11/12 at 8:30 a.m., Ctrm. 2 | 9/10/13 at 8:30 a.m., Ctrm. 2 |

Jointly submitted by:

Dated: March 20, 2012                **KLEIN, DENATALE, GOLDNER
                                       COOPER, ROSENLIEB & KIMBALL, LLP**

By  /s/ Jeffrey W. Noe_____
    Barry L. Goldner
    Jeffrey W. Noe
    Amy L. Hanf
    4550 California Ave., Second Floor
    Bakersfield, California 93309
    Telephone: (661) 395-1000

**KIRKLAND & ELLIS LLP**
Andrew R. Running (admitted *pro hac vice*)
Samuel L. Blatnick (admitted *pro hac vice*)
300 North La Salle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000

*Attorneys for Wm. Bolthouse Farms, Inc.*

Dated: March 20, 2012          **TROUTMAN SANDERS LLP**

By  /s/ William D. Burger, Jr. (authorized on 3/20/12)
　　　Terrence R. McInnis
　　　William D. Burger, Jr.
　　　5 Park Plaza, Suite, 1400
　　　Irvine, California 92614-2545
　　　Telephone: (949) 622-2700

*Attorneys for Houston Casualty Co.*

Dated: March 21, 2012          **RIMAC & MARTIN**

By  /s/ William Reilly (authorized on 3/21/12)
　　　Joseph M. Rimac
　　　William Reilly
　　　1051 Divisadero Street
　　　San Francisco, California 94115
　　　Telephone (415)561-8440

**MOUND COTTON WOLLAN & GREENGRASS**
Joseph M. Rimac
Anna M. Martin
1051 Divisadero Street
San Francisco, California 94115
Telephone (415)561-8440

*Attorneys for Liberty Surplus Insurance Corp*

Dated: March 20, 2012          **BOWMAN AND BROOKE LLP**

By /s/ Ryan Nilsen (authorized on 3/20/12)
Richard G. Morgan (admitted *pro hac vice*)
Ryan Nilsen (admitted *pro hac vice*)
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone: (612) 672-3240

Gregory P. Gilmer
Marion Mauch
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Telephone: (310) 768-3068

***Attorneys for Ecolab Inc.***

IT IS SO ORDERED.

Dated:   **March 23, 2012**               **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE