1  ANDREW R. RUNNING (admitted *pro hac vice*)
2  KIRKLAND & ELLIS LLP
   300 North LaSalle Street
3  Chicago, Illinois 60654
   Telephone: (312) 862-2000
4  Email: arunning@kirkland.com
5
   BARRY L. GOLDNER, State Bar No. 107126
6  JEFFREY W. NOE, State Bar No. 167387
7  KLEIN, DENATALE, GOLDNER,
      COOPER, ROSENLIEB & KIMBALL, LLP
8  4550 California Avenue, Second Floor
   Bakersfield, California 93309
9  Telephone: (661) 395-1000
10 Email: bgoldner@kleinlaw.com
          jnoe@kleinlaw.com
11
12 Attorneys for Plaintiff,
   Wm. Bolthouse Farms, Inc.
13

14 RICHARD G. MORGAN (admitted *pro hac vice*)
15 RYAN NILSEN (admitted *pro hac vice*)
   150 South Fifth Street, Suite 3000
16 Minneapolis, Minnesota 55402
   Telephone: (612) 672-3240
17 Email: Richard.Morgan@bowmanandbrooke.com
          Ryan.Nilsen@bowmanandbrooke.com
18
19 Attorneys for Defendant
20
                     **UNITED STATES DISTRICT COURT**
21
              **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**
22

| | |
|---|---|
| 23  WM. BOLTHOUSE FARMS, INC., HOUSTON CASUALTY CO., and LIBERTY SURPLUS INSURANCE CORP., | Case No.  1:10-CV-02322-AWI-SKO |
| 25              Plaintiffs, | **STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |
| 26  v. | [No Hearing Requested] |
| 27  ECOLAB, INC., | |
| 28              Defendant. | Complaint Filed:  12/9/10<br>Trial Date:            9/10/13 |

1    IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their undersigned counsel, that the following provisions and conditions shall govern the disclosure and use of confidential information, both in documentary and any other tangible or intangible form, subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or any other applicable law.

A protective order is needed in this case, which arises out of Bolthouse Farms' purchase and use of defendant Ecolab's Tsunami 100 antimicrobial process water treatment in the production of Bolthouse's ready-to-eat baby carrots. Bolthouse claims Ecolab's Tsunami 100 caused "early spoilage" of carrots, resulting in over $80 million of business losses. Ecolab denies Bolthouse's claims, and Ecolab contends Bolthouse's own failure to adequately design, maintain, clean, and sanitize its carrot production equipment created the problems about which it now complains.

A protective order is needed to protect the trade secret, proprietary, or other confidential information of the parties. Areas of discovery might include:

a)   Bolthouse's claimed damages, which could include confidential financial information, marketing plans, customer lists, pricing data, sales volume data, margins, field locations, and other proprietary information;

b)   Bolthouse's production processes and techniques, equipment designs, and other trade secret information about Bolthouse's operations; and

c)   Similar financial and technical information concerning Ecolab's Tsunami 100 product.

Discovery also is expected to be obtained from several non-parties, including customers, suppliers, and former employees of the parties. As such, the parties believe that a protective order, rather than a private agreement between the two of them, is needed to enable the parties to preserve the confidentiality of their information, including the type of information referenced above.

1. As used in this Protective Order, these terms have the following meanings:

   a. "Attorneys" means outside counsel of record and house counsel (i.e., attorneys who are employees of a party to this action);

   b. "Confidential" documents are documents designated in accordance with Paragraph 2;

   c. "Confidential — Attorneys' Eyes Only" documents are the subset of Confidential documents designated in accordance with Paragraph 5;

   d. "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34(a);

   e. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate as "Confidential" any document, including interrogatory responses, other discovery responses or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes.

4. Access to any Confidential document shall be limited to:

   a. The Court and its officers;

   b. Attorneys and their paralegals, legal assistants, and stenographic and clerical employees;

   c. Persons shown on the face of the document to have authored or received it;

   d. Court reporters retained to transcribe testimony;

      e.      The parties;

      f.      Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

      g.      During their depositions, former employees of the parties to whom disclosure is reasonably necessary and who have signed a Written Assurance (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.

5.    The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential — Attorneys' Eyes Only." This designation shall be applied only to information that a party in good faith believes is highly sensitive such that it should not be disclosed to the directors, officers or other non-attorney employees of a party, thus requiring a higher level of confidential protection than information designated "Confidential." Disclosure of such information shall be limited to the persons designated in Paragraphs 4.a., 4.b., 4.c., 4.d. and 4.f.

6.    A.    Documents produced in paper form may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that contains protected material. Transcripts of depositions and court proceedings may be designated in the manner set forth in Paragraph 9. Other information, including tangible items and documents produced in electronic form or on a portable storage device, may be designated Confidential by affixing in a prominent place on the exterior of the container or storage device in which the item or information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (but if only a portion of the item or information warrants protection, the producing party, to the extent practicable, shall identify the protected portion(s).)

B. A party (or third party) that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" legend to the produced documents or materials in the manner described above. The inspecting party may not, without the producing party's consent, make copies or take photos of any documents or things being made available for inspection.

7. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential — Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be provided to such third parties upon request.

8. Each outside independent person as defined in Paragraph 4.f shall, prior to receiving Confidential information, execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

9. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or

"Confidential — Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential — Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential — Attorneys' Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential — Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

11. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request, and otherwise comply with the duties set forth in Federal Rules of Civil Procedure 26(b)(5)(B). The party returning such inadvertently produced documents may thereafter seek re-production of any such documents in accordance with and if permitted by applicable law.

12. If a party receiving Confidential documents learns that, by inadvertence or otherwise, it has disclosed Confidential documents to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best

1  efforts to retrieve all unauthorized copies of the Confidential documents, (c) inform the
2  person or persons to whom unauthorized disclosures were made of all the terms of this
3  Order, and (d) request such person or persons to execute the Written Assurance hereto
4  as Exhibit A.

5       13.    A.    Without written permission from the producing party or a court
6  order secured after appropriate notice to all interested persons, a party may not file in
7  the public record in this action any Confidential documents.  A party that seeks to file
8  under seal any Confidential documents must comply with Local Rule 141.  Confidential
9  documents may only be filed under seal pursuant to a court order, and a sealing order
10 will issue only upon a request establishing that the Confidential documents at issue are
11 privileged, protectable as a trade secret, or otherwise entitled to protection under the
12 law.

13          B.    If a party wishes to file a document that has been designated
14 confidential by another party or third party pursuant to this Order, or if a party wishes to
15 refer in a memorandum or other filing to information so designated by someone else,
16 the submitting party must file and serve a notice and request to seal documents in
17 accordance with Local Rule 141, and lodge the Confidential documents.  The
18 submitting party, however, need only refer to this Order in submitting the request to
19 seal documents, and it is not required to attempt to establish that the documents should
20 be sealed.  Rather, within seven days after the filing of the request to seal documents,
21 the designating party must file with the Court and serve a declaration establishing that
22 the designated information is sealable, and must lodge and serve a narrowly tailored
23 proposed sealing order, or must withdraw the designation of confidentiality.  If the
24 designating party does not file its responsive declaration, the document or proposed
25 filing will be made part of the public record.  If a request to seal documents (whether
26 filed by the designating or receiving party) is denied, the Court will order at that time
27 whether the documents will be returned to the submitting party or made part of the
28 public record.

14. Prior to disclosure at trial of Confidential documents, the parties may seek further protections against public disclosure from the Court.

15. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential — Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief (while complying with Paragraph 13 above concerning the filing of documents under seal), providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential — Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

16. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential documents (including Confidential documents produced by a third party), that party must (a) promptly notify in writing the designating party and provide a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential documents may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential documents before a determination by the court from which the subpoena or order issued, unless the designating party has consented to the production. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17. If a party is served with a valid discovery request in this action to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall (a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with the non-party; (b) promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) upon request of the non-party, allow the non-party to inspect the information being sought in discovery.  If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection from the Court of its confidential information.

18. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  Attorneys, however, shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

19. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from

seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

20. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

21. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court may destroy all "Confidential" materials.

Jointly submitted by:

Dated: April 25, 2012            **KLEIN, DENATALE, GOLDNER
                                  COOPER, ROSENLIEB & KIMBALL, LLP**

                        By _____/s/ Jeffrey W. Noe_____
                           Barry L. Goldner
                           Jeffrey W. Noe
                           4550 California Ave., Second Floor
                           Bakersfield, California 93309
                           Telephone: (661) 395-1000

                           **KIRKLAND & ELLIS LLP**
                           Andrew R. Running (admitted *pro hac vice*)
                           300 North La Salle Street
                           Chicago, Illinois 60654
                           Telephone: (312) 862-2000

                           ***Attorneys for Wm. Bolthouse Farms, Inc.***

Dated:  April 25, 2012           **TROUTMAN SANDERS LLP**

By  _/s/ William D. Burger, Jr. (authorized on 4/25/12)__
    Terrence R. McInnis
    William D. Burger, Jr.
    5 Park Plaza, Suite, 1400
    Irvine, California 92614-2545
    Telephone: (949) 622-2700

*Attorneys for Houston Casualty Co.*

Dated: April 25, 2012           **RIMAC & MARTIN**

By  _/s/ William Reilly (authorized on 4/25/12)__
    Joseph M. Rimac
    William Reilly
    1051 Divisadero Street
    San Francisco, California 94115
    Telephone (415)561-8440

**MOUND COTTON WOLLAN & GREENGRASS**
    Joseph M. Rimac
    Anna M. Martin
    1051 Divisadero Street
    San Francisco, California 94115
    Telephone (415)561-8440

*Attorneys for Liberty Surplus Insurance Corp*

1  Dated: April 29, 2012              **BOWMAN AND BROOKE LLP**

2                                      By ___/s/ Ryan Nilsen (authorized on 4/29/12)_____
3                                            Richard G. Morgan (admitted *pro hac vice*)
                                              Ryan Nilsen (admitted *pro hac vice*)
4                                            150 South Fifth Street, Suite 3000
                                              Minneapolis, MN 55402
5                                            Telephone: (612) 672-3240

6
                                              Gregory P. Gilmer
7                                            Marion Mauch
                                              879 West 190th Street, Suite 700
8                                            Gardena, CA 90248-4227
                                              Telephone: (310) 768-3068
9
10                                      *Attorneys for Ecolab Inc.*

11

12

13

14                                  **ORDER**

15      The Stipulated Protective Order is approved by the Court, **with the following**

16 **modifications:**

17      The Court notes that Paragraph 13.B. of the Stipulated Protective Order

18 authorizes a party to file documents that have been designated confidential by another

19 party or a third party.  The submitting party must file and serve a notice and request to

20 seal documents in accordance with Local Rule 141, reference the Stipulated Protective

21 Order, and lodge the confidential documents with the Court.  It is then up to the

22 designating party (the party that originally designated the documents as confidential) to

23 submit a declaration establishing that the documents in the request to seal should, in

24 fact, be sealed.

25      The Court, however, ORDERS that if a designating party seeks to file a

26 declaration establishing that the designated information is sealable, **the designating**

27 **party must submit a declaration within the time and manner set forth in Local**

28 **Rule 141(c) for submitting oppositions to sealing requests, i.e., within three (3)**

1 **days of the date of service of the "Notice to Request to Seal Documents,"** not the
2 seven (7) days set forth in the Stipulated Protective Order in Paragraph 13.B.  The party
3 submitting the request to seal documents *may request* that the designating party be
4 allowed to file a declaration within seven (7) days, but such request *must be made at the*
5 *time of the sealing request and is subject to Court approval.*

7 IT IS SO ORDERED.

8    Dated:   **May 4, 2012**                          **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., HOUSTON CASUALTY CO., and LIBERTY SURPLUS INSURANCE CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ECOLAB, INC., <br><br> Defendant. | Case No.   1:10-CV-02322-AWI-SKO <br><br> **CONFIDENTIALITY AGREEMENT** <br><br><br> Complaint Filed:   12/9/10 <br> Trial Date:           9/10/13 |

   I, _____, declare that:

   I reside at _____ in the city of _____, county of _____, state of _____;

   I am currently employed by _____ located at _____ and my current job title is _____.

   I have read and believe I understand the terms of the Protective Order issued on or about _____, 2012, in the case titled *Wm. Bolthouse Farms, Inc., et al., v. Ecolab Inc.*, Civil Action No. 1:10-cv-02322-AWI-SKO, pending in the United States District Court, Eastern District of California.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

   I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential — Attorneys' Eyes Only" obtained in accordance with such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such

1  documents except for the purposes of this action and in accordance with the terms of
2  the Protective Order.
3      As soon as practical, but no later than 30 days after final termination of this
4  action, I shall return to the attorney from whom I have received them, any documents in
5  my possession designated "Confidential" or "Confidential — Attorneys' Eyes Only,"
6  and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to
7  such documents.
8      I submit myself to the jurisdiction of the United States District Court, Eastern
9  District of California, for the purpose of enforcing or otherwise providing relief relating
10 to the Protective Order.  Further, I appoint _____
11 [print or type full name] of _____
12 [print or type full address and telephone number] as my California agent for service of
13 process in connection with this action or any proceedings related to enforcement of this
14 Protective Order.
15     I declare under penalty of perjury that the foregoing is true and correct.

17  _____
18                  (Signature)
19  Executed on: _____
20                   (Date)