ANDREW R. RUNNING (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  arunning@kirkland.com

BARRY L. GOLDNER, State Bar No. 107126
JEFFREY W. NOE, State Bar No. 167387
RYAN D. BRIGHT, State Bar No. 247047
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email:  bgoldner@kleinlaw.com
        jnoe@kleinlaw.com
        rbright@kleinlaw.com

Attorneys for Plaintiff,
Wm. Bolthouse Farms, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WM. BOLTHOUSE FARMS, INC., HOUSTON CASUALTY CO., and LIBERTY SURPLUS INSURANCE CORP., | Case No.   1:10-CV-02322-AWI-SKO |
| Plaintiffs, | **AMENDED STIPULATED ORDER TO CONTINUE TRIAL AND PRETRIAL DATES** |
| v. | [No Hearing Requested] |
| ECOLAB, INC., | |
| Defendant. | Complaint Filed:   12/9/10<br>Trial Date:          9/10/13 |

For the reasons set forth below, the parties respectfully request that the trial date and other pretrial dates set forth in the Court's Stipulated Order dated March 23, 2012, be continued and extended five to seven months.

1    This Amended Stipulation is being submitted in response to the Court's

2  "Order Denying Without Prejudice Stipulated Request to Modify the Schedule,"

3  which was entered on September 25 (Docket No. 50).  The dates set forth in this

4  renewed request comport with the specifications set forth in the Court's

5  September 25 order.

6    Further, as set forth below in section I.F, the parties have since agreed to

7  another settlement meeting and a discovery plan.

8

9  I.    **GOOD CAUSE EXISTS TO CONTINUE THE TRIAL DATE**.

10        A.    **Summary of the Case**.

11              1.    *The complex nature of the claims and damages.*

12    This case arises out of Bolthouse Farms' purchase and use of defendant Ecolab's

13  Tsunami 100 antimicrobial process water treatment in the production of Bolthouse's

14  ready-to-eat baby carrots.  Bolthouse claims Ecolab's Tsunami 100 caused "early

15  spoilage" of carrots, resulting in over $80 million of business losses.

16    Ecolab denies Bolthouse's claims, and Ecolab contends Bolthouse's own failure

17  to adequately design, maintain, clean, and sanitize its carrot production equipment

18  created the problems about which it now complains.  Ecolab also disputes Bolthouse's

19  claimed damages.  As such, this case raises complex issues concerning liability

20  (including the cause of the spoilage) and damages, which will require considerable

21  expert witness testimony.

22        B.    **The Settlement Process**.

23              1.    *The exchange of initial disclosures and other information prior*
24                    *to the first mediation session.*

25    In the spring of 2011, the parties agreed to an early mediation.  The parties

26  proceeded with their initial disclosures and the informal exchange of information prior

27  to the mediation, but agreed to hold off on formal discovery pending the mediation.

28

Amended Stip Order to Continue Trial and Pretrial
Dates.DOC                                        2        Amended Stip'd Order to Cont. Trial & Pretrial Dates
                                                          Case No. 1:10-cv-02322-AWI-SKO

Due to the volume of information to be exchanged, as well as the difficulty in finding a mutually convenient date for over 20 attendees, the mediation was scheduled for July 27, 2011, in Los Angeles.  The parties met for a full day with the mediator (Justice Steven Stone (retired)).  In light of the issues of the case, the amount in controversy, and the damages information that had been provided up to that point, Ecolab and its insurers determined that they needed additional information from Bolthouse to evaluate the claims.

### 2.   *The further exchange of information prior to the second mediation session.*

Following the first mediation session, Ecolab and its insurers identified additional information they needed.  Bolthouse spent considerable time gathering and producing that information.

Ecolab, its insurers, and their consultants reviewed the information provided by Bolthouse, and they requested additional data and information in order to make an informed valuation of the case.  Bolthouse then spent more time gathering and producing the additional information.

In December 2011, the parties began to schedule the second mediation session.  However, due to the holidays and the number of participants—multiple representatives from the parties, their counsel, multiple insurers, and the mediator—the mediation could not be scheduled until late January 2012.

Four days before the scheduled mediation, however, the mediator suffered serious injuries after being struck by a car and was unable to proceed with the mediation.  That necessitated another attempt to find a date on which each of the attendees (as well as the new mediator) was available.

On February 24, 2012, the second mediation session was held in Chicago with the Hon. Wayne Andersen (retired).  That mediation did not result in a settlement.

### C.   <u>The Parties Produce Roughly 20 gb of Information in Discovery</u>.

Following the mediation process, in June 2012, the parties provided written

discovery responses, and produced documents and electronically stored information (ESI).  Bolthouse and Ecolab provided 8.4 gb and 10.4 gb of information, respectively, and the co-plaintiff insurers produced additional information.

**D.     The Sale of Bolthouse Farms**.

The parties intended to start depositions shortly after the June production of documents.  However, in July 2012, it was announced that Bolthouse would be acquired by the Campbell Soup Company.

Due to the size and complexity of the transaction, over the course of several weeks, the sale/closing process took substantial time and attention of key Bolthouse employees, including some of those Ecolab intends to depose.   This and other acquisition-related factors delayed supplemental document production and scheduling of depositions.

**E.     The Court's September 25, 2012, Order Stating It "Is Willing to Accommodate the Parties' Request for a Modified Schedule," so Long as Certain Dates Were Changed**.

On September 17, 2012, the parties filed a stipulation for a five-month continuance of the litigation dates.  (Document No. 49.)

On September 25, 2012, the Court issued an order denying the request without prejudice.  (Document No. 50.)  It its order, the Court stated it "is willing to accommodate the parties' request for a modified schedule," so long as (i) the non-dispositive motion hearing deadline date were changed from a Thursday to a Wednesday, and (ii) more time was provided between the dispositive motion hearing deadline date, the pretrial conference, and the trial date.

The Court stated, "The parties may renew their request by proposing a schedule that comports with the specifications set forth above."  (Document No. 50, at 2:9-:10.)

The schedule set forth in this amended stipulation comports with the specifications set forth in the Court's September 25, 2012, Order.

**F.     The Parties' Recent Discovery Plan and Agreement to Hold Another Settlement Meeting**.

After the Court's September 25, 2012, Order, the parties continued to meet and confer about discovery, and they have agreed to another settlement meeting, likely with a mediator.  In particular, the parties have agreed to the following:

- Hold a settlement meeting by early December.
- Exchange all remaining documents to be produced in discovery by January 11, 2013 (including a large volume of emails to be produced by Bolthouse).
- Ecolab will take up to six depositions during the weeks of February 4 and February 11.
- Bolthouse will take up to six depositions during the weeks of February 25 and March 4.

The five-month continuance of the discovery dates requested by the parties will enable them to meet again in an effort to resolve the case, while allowing sufficient time thereafter to conduct discovery in an efficient manner.

**G.     The Parties Respectfully Request Additional Time to Conduct Discovery and Prepare for Trial**.

To conserve resources, the parties previously agreed to hold off on formal discovery until after they attempted, in good faith, to settle the case.  Having postponed formal discovery to focus on mediation efforts, the parties previously requested and received a continuance of the trial date.  (See Stipulated Order entered March 23, 2012.)

Subsequent to the mediation process and March 23 Order, however, Bolthouse was sold.  The sale delayed discovery, including the taking of depositions.

Recently, the parties have agreed to another settlement meeting and a discovery plan that is consistent with a five-month continuance of the litigation dates.

As such, the parties respectfully request additional time to conduct discovery and prepare for trial.  Specifically, the parties request that the trial and pretrial dates be modified as follows:

| | Current date per March 23 Stipulated Order | Requested modified date |
|---|---|---|
| Non-expert discovery cut-off | 12/17/12 | 5/17/13 |
| Plaintiffs' expert disclosures | 1/17/13 | 6/17/13 |
| Defendant's expert disclosures | 2/15/13 | 7/15/13 |
| Plaintiffs' rebuttal or supplemental expert disclosures | 3/15/13 | 8/15/13 |
| Defendant's rebuttal or supplemental expert disclosures | 4/15/13 | 9/16/13 |
| Expert discovery cut-off | 5/1/13 | 10/1/13 |
| Non-dispositive motion filing deadline | 5/3/13 | 10/2/13 |
| Settlement conference date | 5/7/13 at 10:00 a.m., Ctrm. 7 | 10/7/13 at 10:00 a.m., Ctrm. 7 |
| Non-dispositive motion hearing date cut-off | 5/31/13 at 9:00 a.m., Ctrm. 7 | 10/30/13 at 9:30 a.m., Ctrm. 7 |
| Dispositive motion filing deadline | 6/7/13 | 11/1/13 |
| Dispositive motion hearing date cut-off | 7/8/13 at 1:30 p.m., Ctrm. 2 | 12/16/13 at 1:30 p.m., in Ctrm. 2 |
| Pretrial Conference | 7/31/13 at 8:30 a.m., Ctrm. 2 | 2/4/14 at 8:30 a.m., Ctrm. 2 |
| Trial Date | 9/10/13 at 8:30 a.m., Ctrm. 2 | 4/1/14 at 8:30 a.m., Ctrm. 2 |

1    Jointly submitted by:

2

3    Dated: November 2, 2012                    **KLEIN, DENATALE, GOLDNER**

4                                               **COOPER, ROSENLIEB & KIMBALL, LLP**

5                                   By  /s/ Jeffrey W. Noe_____

6                                       Barry L. Goldner
                                        Jeffrey W. Noe

7                                       Ryan D. Bright
                                        4550 California Ave., Second Floor

8                                       Bakersfield, California 93309
                                        Telephone: (661) 395-1000

9

10                                      **KIRKLAND & ELLIS LLP**
                                        Andrew R. Running (admitted *pro hac vice*)

11                                      Samuel L. Blatnick (admitted *pro hac vice*)
                                        300 North La Salle Street

12                                      Chicago, Illinois 60654

13                                      Telephone: (312) 862-2000

14                                      ***Attorneys for Wm. Bolthouse Farms, Inc.***

15

16

17   Dated:  November 6, 2012                   **TROUTMAN SANDERS LLP**

18                                   By  /s/ Terrence R. McInnis (authorized on 11/6/12)

19                                      Terrence R. McInnis
                                        William D. Burger, Jr.

20                                      5 Park Plaza, Suite, 1400
                                        Irvine, California 92614-2545

21                                      Telephone: (949) 622-2700

22
                                        ***Attorneys for Houston Casualty Co.***
23

24   Dated: November 7, 2012                    **RIMAC & MARTIN**

25                                   By  /s/ William Reilly (authorized on 11/7/12)

26                                      Joseph M. Rimac
                                        William Reilly

27                                      1051 Divisadero Street
                                        San Francisco, California 94115

28                                      Telephone (415)561-8440

**MOUND COTTON WOLLAN & GREENGRASS**
Joseph M. Rimac
Anna M. Martin
1051 Divisadero Street
San Francisco, California 94115
Telephone (415)561-8440

*Attorneys for Liberty Surplus Insurance Corp*

Dated: November 2, 2012      **BOWMAN AND BROOKE LLP**

By  /s/ Ryan Nilsen (authorized on 11/2/12)
Richard G. Morgan (admitted *pro hac vice*)
Ryan Nilsen (admitted *pro hac vice*)
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone: (612) 672-3240

Gregory P. Gilmer
Marion Mauch
879 West 190th Street, Suite 700
Gardena, CA 90248-4227
Telephone: (310) 768-3068

*Attorneys for Ecolab Inc*

## ORDER

The parties' request for a schedule modification is GRANTED.  However, the parties' proposed dates for the pretrial conference and the settlement conference have been adjusted by one day to comport with the Court's calendar.

The parties' schedule is modified as follows:

|  | Current date per March 23 Stipulated Order | Modified Date |
|---|---|---|
| Non-expert discovery cut-off | 12/17/12 | 5/17/13 |

| | | |
|---|---|---|
| Plaintiffs' expert disclosures | 1/17/13 | 6/17/13 |
| Defendant's expert disclosures | 2/15/13 | 7/15/13 |
| Plaintiffs' rebuttal or supplemental expert disclosures | 3/15/13 | 8/15/13 |
| Defendant's rebuttal or supplemental expert disclosures | 4/15/13 | 9/16/13 |
| Expert discovery cut-off | 5/1/13 | 10/1/13 |
| Non-dispositive motion filing deadline | 5/3/13 | 10/2/13 |
| Settlement conference date | 5/7/13 at 10:00 a.m., Ctrm. 7 | 10/8/13 at 10:00 a.m., Ctrm. 7 |
| Non-dispositive motion hearing date cut-off | 5/31/13 at 9:00 a.m., Ctrm. 7 | 10/30/13 at 9:30 a.m., Ctrm. 7 |
| Dispositive motion filing deadline | 6/7/13 | 11/1/13 |
| Dispositive motion hearing date cut-off | 7/8/13 at 1:30 p.m., Ctrm. 2 | 12/16/13 at 1:30 p.m., in Ctrm. 2 |
| Pretrial Conference | 7/31/13 at 8:30 a.m., Ctrm. 2 | 2/5/14 at 8:30 a.m., Ctrm. 2 |
| Trial Date | 9/10/13 at 8:30 a.m., Ctrm. 2 | 4/1/14 at 8:30 a.m., Ctrm. 2 |

IT IS SO ORDERED.

Dated:   **November 8, 2012**                **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE